Webb v. State.

(Division A. December 8, 1930.)

[131 So. 262. No. 29176.]

716

W. S. Watson, of Greenville, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an affidavit made and filed against appellant in the county court of Washington county, charging him with unlawful possession of intoxicating liquor, he was tried, convicted, and sentenced to pay a fine of one hundred dollars, whereupon he appealed to the circuit court and the case was affirmed. From this judgment and sentence, appellant prosecutes this appeal.

The only assignment of error we deem it necessary to notice in this opinion is the contention by appellant that the venue in the county court was not alleged in the affidavit or proved, the record showing only that the crime was alleged to have been committed in Washington county, Mississippi, and proof to that effect, and neither the affidavit nor the proof showing that it was committed in justice of peace district No. 3.

The appellant's contention is that it is necessary to allege and prove on a misdemeanor charge that the crime was committed in a particular district of which a justice of peace has jurisdiction, and that proof that it occurred in the county was not sufficient to confer jurisdiction upon the county court. Appellant undertakes to support this contention by section 726, Hemingway's Code 1927, Laws 1926, chapter 131, section 2, which section only deals with pleading, practice, and procedure in a county court, and in no wise deals with the subject of venue or jurisdiction.

The applicable part of section 725, Hemingway's Code 1927, Laws 1926, chapter 131, section 1, which has to do with creating the county court and fixing its jurisdiction in criminal cases, is as follows: "It shall have jurisdiction concurrent with the courts of justices of the peace in all matters, civil and criminal, of which justices of the peace have jurisdiction," etc. The jurisdiction conferred by this section is not confined to that of a particular

justice of the peace, but is concurrent with the jurisdiction of all the justices of the peace of the county, so that there is nothing in this section to alter the general concurrent jurisdiction conferred by section 725, supra.

Appellant also cites section 728, Hemingway's Code 1927, Laws 1926, chapter 131, section 4 which reads as follows:

"Venue of actions—Proceedings.—4. The venue of actions, suits, and proceedings in the county court shall be the same as that now generally provided, or which may hereafter be provided with respect to the particular action, suit or proceedings. Provided, however, that all suits and matters filed in the county court which, if there were no county court, would be triable in the justice courts of the various supervisors' districts, shall be tried at the courthouse of the county, or courthouse of the proper judicial district in counties having two circuit court and two chancery court districts therein."

The language of each of the statutes in this behalf is plain. The venue in criminal proceedings is not changed by this section, and the jurisdiction of the county court being concurrent with that of all the justices of the peace, the county court has jurisdiction concurrent with the justices of the peace of all misdemeanors, and it is unnecessary to allege and prove that the crime occurred in a particular district of a certain justice of the peace. Any other view of the several statutes would only tend to create confusion. The jurisdiction of a county court in a misdemeanor case is coextensive with the boundary of the county wherein the offense was committed, and the venue of the crime is the county in which it is committed. Therefore, it is only necessary to allege and prove that the misdemeanor was committed in the county wherein the prosecution was initiated. Section 1210, Hemingway's Code 1927, section 1176, Code 1930, the general section as to venue, provides that the local juris-

diction of all offenses, unless otherwise provided by law, shall be in the county where the offense was committed.

We think the case was properly submitted to the jury, and we find no reversible error therein.

Affirmed.